37355. HUGGINS *et al. v.* ATLANTA TILE &
MARBLE COMPANY.

DECIDED NOVEMBER 12, 1958.

*Ward, Brooks, Parker & Daniel, William W. Daniel,* for plaintiffs in error.

*Albert E. Mayer,* contra.

FELTON, Chief Judge. ■ The contract between the plaintiffs and the defendant provided that the work done by the defendant would be subject to the approval or disapproval of "the architect." The contract named "A. Thomas Bradbury" as "architect." The evidence showed that the tile work in the kitchen was disapproved by Ralph Slay, an architect and an associate of Mr. Bradbury. Concerning the kitchen tile work, Mr. Bradbury testified in part: "Q. Do you recall the construction of the Josephine Wells School? A. Yes, I do. Q. Do you recall the tile work or anything about the tile work which was performed in the kitchen? A. Well, Mr. Slay was handling that particular job. I did check the job over when it was finally completed on final, and I had been out several times; but I did not check the particular tile. Q. Did you have any occasion to discuss that tile work with Mr. Slay? A. Yes, I did, on several occasions. Q. What was your decision about the acceptability of this tile which was originally installed by Atlanta Tile & Marble Company? A. Well, I left that up to Mr. Slay's judgment after he explained to me the situation, and I let him handle it, because he was familiar with it. Q. What did you discover as far as the tile floor in the kitchen was concerned when you went out there, Mr. Bradbury? A. Well, I had been out several times before the tile was set, but I wasn't there during the interim of the trouble that they had with the tile. Q. Did you see the first tile that was put down by Atlanta Tile & Marble? A. I don't recall seeing the first tile. I saw the finished job, and it was a nice job; I mean on the final inspection. I always go out on finals and several times during the course, but it so happens that that part just wasn't being done during the time I was making trips. It usually doesn't take but probably a couple of days to put a floor in like that, and even if I visit a job once a week, I could miss it. But I do know that—and maybe I shouldn't make this statement—I have confidence in Mr. Slay; he has been with me since 1935. Q. Is he authorized to make those decisions for you? A. Yes, he is. Q. What type of business arrangement do you have between yourself and Mr. Slay, Mr. Bradbury? A. Mr. Slay is an associate, and he participates in the profits of the firm. Q. If

you have any losses, would he participate in those? A. He would automatically, because, if we don't make anything, he doesn't get anything. We have to pay it out. Except for basic salary; he gets that. Q. Did you acquiesce in Mr. Slay's determination about the tile work? A. Yes."

An architect is selected and agreed upon to exercise his personal skill, discretion and judgment and his duty to exercise such skill, judgment and discretion cannot be delegated. See Code § 4-103; *Springfield Fire &c. Ins. Co.* v. *Price*, 132 *Ga.* 687, 692 (64 S. E. 1074). "The person agreed upon by the parties to pass upon the work has no right to delegate his authority to another, and if he attempts to do so, the decision of such other person is not conclusive on the parties, unless they agree to such substitution." 9 Am. Jur. 25, Building and Construction Contracts, § 35. Under the contract the defendant had the right to have its work passed on by A. Thomas Bradbury personally and Mr. Bradbury could not delegate his duties as architect to another so as to bind the defendant without his consent such as would amount to a novation of the contract. The only evidence which tended to show that the defendant looked upon Mr. Slay as the architect was a notation on the bottom of a letter written by the defendant to the plaintiffs, the notation being as follows: "cc: A. Thomas Bradbury, Architect, Att: Mr. Ralph Slay." This standing alone is not sufficient to authorize a finding that the defendant ever agreed to a substitution of Mr. Slay for Mr. Bradbury as architect or that there had been a novation of the contract to this effect or an acquiescence on the part of the defendant or an estoppel against the defendant. The defendant's officer who wrote that letter explained that he had not directed that such notation be placed at the bottom of the letter but that it must have been placed thereon by his secretary.

Since the plaintiffs tore out the defendant's tile work without its having been disapproved by the architect named in the contract thereby depriving the defendant of the right to have such work approved or disapproved by that named architect, the plaintiffs cannot recover for the costs of such tearing out and the relaying of a new tile floor, and the defendant is entitled to the remainder of the contract price being withheld by the plaintiffs.

■ Since Mr. Bradbury was the architect charged with approval or disapproval of the work and since he never personally inspected the defendant's tile work on the kitchen floor, the treatment in division 1 of the opinion disposes of the questions presented in special grounds 4 and 5 of the amended motion for a new trial.

■ On direct examination, one of the plaintiffs testified: "Q. Did Mr. Attaway here ever raise any objection to you, or say that Mr. Slay had no authority to make this decision? A. No." The following question was then propounded: "Q. Have you ever heard anything about it before you got here in court? A. No, sir." An objection that the question and answer were immaterial was sustained. The court properly sustained the objection. It was not clear as to what "it" was that was heard and the question did not state from whom "it" was heard, and, so phrased, the question and the answer thereto were subject to the objection made. Special ground 6 of the amended motion is without merit.

■ Special ground 7 of the amended motion is without merit. The writer of a letter may testify that he remembers the contents of the letter and that the allegations contained in such letter are true. If the opposite party desires, he may, on cross-examination, go into the details of the letter and the allegations and contentions contained herein.

■ Special ground 9 of the amended motion for new trial complains that the court allowed one of the defendant's officers to testify that the defendant never "acquiesced" in Mr. Slay's acting as architect on the ground that the answer was a conclusion of law. We agree that such answer was a conclusion of law but it was one that was demanded under the evidence of this case and the plaintiff was not harmed thereby, assuming that it was error.

■ Since the judgment was demanded for the defendant in both the main and cross-actions, the findings of fact made by the trial court were inconsequential.

The court did not err in denying the amended motion for a new trial.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*