## 48311. RYDER TRUCK LINES, INC. v. SCOTT.

EVANS, Judge. Scott sued Ryder for breach of a contract whereby Scott was to furnish Ryder, a common carrier, certain transportation services and equipment (tractors, trailers, and service as a "sales agent" to solicit and procure freight traffic for Ryder). Scott was to receive a stated commission on gross revenues received by Ryder from shipments; and a percentage of the compensation received by Ryder from the freight traffic transported on the equipment. Scott was required to purchase certain carrier equipment in order to perform these services. The original contract provided that upon the death or disability of Scott, the contract was to be terminated, and Ryder was then to repurchase all of the equipment according to certain formulas (book value less depreciation).

The complaint of Scott, as amended, contends the parties orally modified the written agreement and mutually departed from same whereby Scott could purchase additional equipment for use under the contract if same were approved by the defendant, and if the contract were thereafter terminated as set out in the written contract because of the default of the defendant, the defendant would be obligated to repurchase said equipment according to the agreed amortization schedule. Plaintiff contends he continued to purchase additional equipment for use in defendant's carrier operation, but defendant failed to pay him his commissions and obligations and thus breached the contract. Plaintiff sued for damages resulting from the breach, i. e., sums due as a result of the refusal to pay commissions, sums due on certain waybills, other services rendered, *and a demand for repurchase of the equipment.* The equipment was originally

purchased from defendant.

Defendant answered, denied the material averments of complaint, and contended plaintiff had breached the contract; denied any oral novation had been mutually agreed upon; affirmatively pleaded the statute of frauds, and sought damages from the plaintiff because of all of the foregoing.

Motion for summary judgment was filed by the defendant, and same was granted. On appeal to this court in *Scott v. Ryder Truck Lines, Inc.,* 120 Ga. App. 819 (172 SE2d 365), this court reversed, holding at page 822 that the parties may: ". . . subsequently to reducing their agreement to writing, decide to carry out their agreement in a manner different from what the writing specifies; they can agree to modify their agreement. They then operate under two agreements, the original and the modification. In such a case, merely to show what the additional agreement is, does not vary what was originally written. Original agreements may be modified by an oral or written agreement and may be enforced if there is a sufficient consideration therefor." Thus, that case held that the pleadings in regard to the oral modifications and breach of contract were not pierced, and that movant failed to show it was entitled to summary judgment.

When the case was returned to the lower court a pretrial order was issued, severing the different issues to be determined and providing for a separate trial on the question as to whether there was a legally binding contract, which required Ryder to repurchase the equipment upon termination of the contract. Plaintiff contended in his amended complaint that the oral modification of the contract did require Ryder to repurchase at the contract's termination, and that same had been terminated and Ryder contended to the contrary.

Two questions were submitted to the jury for an answer: (1) Did the parties enter into an oral agreement after January 31, 1967, (date of original written contract), concerning the purchase of equipment from Scott by Ryder? (2) If the answer to (1) is "yes," state the terms of said oral agreement of repurchase.

Scott offered evidence to show that the parties were having difficulties under the contract, and that he purchased more than $50,000 worth of additional equipment *after the parties met in Jacksonville* and agreed that in the event of future default, defendant would take back the equipment at the price originally agreed upon in writing. Scott's evidence was to the effect that at this meeting the parties mutually agreed to adjust their

difficulties, reduce the commissions, and in the event of further default, defendant Ryder would take the equipment back under the original formula.

In opposition to the foregoing, Ryder offered evidence to the effect that this was not altogether the agreement made at the Jacksonville meeting, and that Ryder did not agree to take back the equipment.

The jury in rendering its special verdict as to the first question answered "yes," and as to the second question, answered that upon termination of this contract of repurchase on January 31, 1967, Ryder would repurchase "within the terms of the written contract under paragraph 7 subparagraph 1 and 2." Judgment was entered on the verdict and said judgment provided that if the contract, as modified, by oral agreement, was terminated by a breach of Ryder, then Ryder became legally obligated to repurchase the equipment in accordance with the terms set out in the original written contract. The defendant appeals. *Held:*

1. When parties depart from the written terms of a contract and receive and pay money under the departure, before either can recover for failure to pursue the letter of the agreement, reasonable notice must be given the other of intention to rely on the exact terms of the agreement. Until such notice, the departure is a quasi new agreement. Code § 20-116; *Verner v. McLarty,* 213 Ga. 472, 475 (99 SE2d 890), and citations therein.

2. Although an attempt at modification does not satisfy the statute of frauds, if the contract as modified is within its provisions, it can operate as a waiver. Code Ann. § 109A-2—209 (3) (4) (Ga. L. 1962, pp. 156, 180).

3. The terms of a written contract may be modified or changed by a subsequent parol agreement between the parties, where such agreement is founded on a sufficient consideration. *Evans v. Henson,* 73 Ga. App. 494 (3) (37 SE2d 164); *Moon Motor Car Co. v. Savannah Motor Car Co.,* 41 Ga. App. 231 (152 SE 611); *Scott v. Ryder Truck Lines, Inc.,* 120 Ga. App. 819, 822, supra. In effect, the result is two contracts: one written and one oral. On this point, defendant cites and relies on *Sanders v. Vaughn,* 223 Ga. 274 (154 SE2d 616), but that case is readily and easily distinguishable, for it involved a sale of land, and of course, the contract for such sale of land, as well as any modification of that contract, must be in writing.

4. The court did not err in charging that a written contract may be modified by mutual consent of the parties, which need not be

expressed in words, in writing or signed, but the parties must manifest their intent to modify the original contract. The charge as given was not confusing, misleading or argumentative, and was authorized by the evidence.

5. On cross examination, counsel for Ryder attempted to impeach Scott as to inconsistent statements previously made in a deposition. The court duly charged the law of impeachment and credibility. Objection was made that the trial court limited the evidence as to the inconsistent statements of Scott to be considered as to impeachment only, and that it could not be considered as evidence of the truth of the facts which are therein contained. The deposition itself was not offered in evidence, and during cross examination counsel merely recalled to the witness his allegedly inconsistent statements. Such statements, in the minds of the jury, may not have been inconsistent at all. Under the situation here, only the evidence (cross examination of Scott) could be considered. We find no error in the charge to which objection is made.

6. The evidence shows that the principal official of the Ryder corporation with whom Scott had contact was replaced due to a heart condition; that Scott and the new official had disagreements; that payments to Scott were held up and the contract breached by Ryder; a meeting was held in Jacksonville around September 12, 1967, between Scott and his attorney and the president and the executive vice president of Ryder. The purpose of the meeting was to straighten out the existing problems; and among other things, the parties mutually agreed that Ryder would take back the equipment under the written contract formula in the event of another default. A written change in the commissions was proposed and thereafter prepared in the form of a letter from Ryder to Scott and also company memorandum. But same was never signed by both parties to the contract. Scott then purchased additional equipment and continued to operate; but again Ryder defaulted in payments, and Scott was unable to continue. There was also evidence of another meeting, held in Atlanta in December, 1967, after termination, in which meeting Ryder agreed to take back certain equipment in trade for equipment which Scott could use. There is also testimony in the record which goes to show that the equipment Scott purchased from Ryder was specially adapted to this particular operation and Scott had no use for it otherwise. Ryder denied any mutual agreement with reference to the

default, although it admitted the meeting in Jacksonville, but contended the meeting and agreement were merely as to reducing the commission rate. Ryder also admitted the meeting in Atlanta, describing it as an offer in compromise.

The evidence was sufficient to support the verdict, and the court did not err in rendering judgment in favor of the plaintiff.

*Judgment affirmed. Hall, P. J., and Clark, J., concur.*

ARGUED JULY 7, 1973 — DECIDED SEPTEMBER 5, 1973 — REHEARING DENIED OCTOBER 11, 1973.

*Fortson, Bentley & Griffin, Edwin Fortson,* for appellant.
*Hudson & Montgomery, Jim Hudson,* for appellee.