### 29740. NEWMAN v. NEWMAN et al.

PER CURIAM.

R. E. Newman and others brought an action against George Theron Newman and others for equitable partition by sale of described land, and for accounting. It was alleged that the parties derived their title as heirs of their father, W. L. Newman.

This appeal is from the grant of the plaintiffs' motion to strike the second defense in the answer of W. A. Newman, and from the denial of his motion to dismiss the plaintiffs' complaint. Certificate for immediate review was signed by the trial judge.

In this second defense W. A. Newman alleged that he held a security deed, dated March 28, 1947, from W. L. Newman conveying the land sought to be partitioned, and asserted that the land could not be partitioned until this indebtedness had been paid.

The plaintiffs filed a motion to strike this defense on the ground that the security deed was more than 20 years old, no written renewal of the debt had been filed, the security deed was barred by the statute of limitation (Ga. L. 1941, p. 487; 1953, Nov. Sess., pp. 313, 314; Code Ann. § 67-1308), and the property had reverted to the heirs of W. L. Newman.

W. A. Newman responded to this motion by alleging that he was on active duty in the military service of the United States from June, 1953, until January, 1973, and that the statute of limitation did not run against him during this time under the provisions of the Soldiers' and Sailors' Civil Relief Act (Oct. 17, 1940, c. 888, § 205, 54 Stat. 1181; Oct. 6, 1942, c. 581, § 5, 56 Stat. 770; 50 USCA, Appendix, § 525).

The trial judge entered an order making findings of fact (apparently based on the depositions of W. A. Newman and Theron Newman) that W. A. Newman was

not hindered by his military service from attending to various business matters and had ample time and opportunity to enforce the provisions of his deed to secure debt. The judge determined as a matter of law that title to the property described in the security deed had reverted to the heirs of W. L. Newman, and that the statute of limitation (Code Ann. § 67-1308) had not been tolled by reason of W. A. Newman's military service, since he had failed to show that his opportunity to file a written renewal to avoid the reverter provisions of § 67-1308 was materially affected by reason of his military service. The motion to dismiss the complaint was denied.

The trial judge erred in basing his ruling on a determination of whether the appellant's opportunity to avoid the reverter provisions of Code Ann. § 67-1308 was materially affected by reason of his military service.

In Wolf v. C. I. R., 264 F2d 82, 87 (1959), it was held: "Section 205 [50 USCA, Appendix, § 525] of the Soldiers' and Sailors' Civil Relief Act, as amended, provides for a tolling of statutes of limitations 'by or against any person in military service' during his or her period of military duty... Unlike Section 201 [50 USCA, Appendix, § 521], which has been held to grant to the courts discretionary authority to stay proceedings where military service affects the conduct thereof, Section 205 is mandatory in nature and has been so interpreted." See also Ray v. Porter, 464 F2d 452, 455 (1972).

Since 50 USCA, Appendix, § 525 is mandatory, the question for determination is whether that Section is applicable to the reverter provision of Code Ann. § 67-1308. The pertinent portion of the Soldiers' and Sailors' Civil Relief Act, § 525, is as follows: "The period of military service shall not be included in computing any period now or hereafter to be limited by any law, regulation, or order for the bringing of any action or proceeding in any court, board, bureau, commission, department, or other agency of government by or against any person in military service . . ."

Section 1 of Ga. L. 1941, p. 487, as amended (Code Ann. § 67-1308) provides in part: "Title to real property conveyed to secure a debt or debts shall revert to the grantor, his heirs, personal representative, successors,

and assigns at the expiration of 20 years from the maturity of such debt or debts, . . ." This statute provides for the automatic reverter of title to land described in a security deed to the grantor or his heirs after expiration of the twenty-year period. The quoted provision of the Soldiers' and Sailors' Civil Relief Act (50 USCA, Appendix, § 525) does not in any way impede such an automatic reverter of title. The statutory provision in favor of servicemen merely tolls all statutes of limitation "for the bringing of any action or proceeding in any court." It does not toll a statute that provides for the automatic reverter of title to land.

W. A. Newman therefore had no title to the land under his security deed when the partition action was brought, and the trial judge did not err in striking the second defense of his answer and in denying his motion to dismiss the complaint.

Whether W. A. Newman can bring an action on the promissory note which the deed was given to secure, contending that the limitation period was tolled during his military service, is not presented by this interlocutory appeal.

*Judgment affirmed. All the Justices concur, except Undercofler, P. J., Jordan and Hall, JJ., who dissent.*

ARGUED MARCH 10, 1975 — DECIDED APRIL 23, 1975 —
REHEARING DENIED MAY 6, 1975.

*Jay, Garden & Sherrell, David E. Morgan, Jr., John Edward Smith, III,* for appellant.

*McDonald, Mills & Chasteen, Ben B. Mills, Jr.,* for appellees.

JORDAN, Justice, dissenting.

It is my view that Ga. L. 1941, pp. 487-489 (Code Ann. §§ 67-1308—67-1314) is not only a statute of reversion, but also a statute of limitation "for the bringing of any action or proceeding in court," as contemplated by the Soldiers' and Sailors' Civil Relief Act (50 USCA, Appendix, § 525).

Section 4 of the 1941 Act (Code Ann. § 67-1311)

provides: "No suit shall be brought to recover property upon title of a conveyance of real property to secure debt when a suit to foreclose and the exercise of power of sale are barred."

Section 6 of the 1941 Act (Code Ann. § 67-1313) provides: "No suit to foreclose, and no suit to recover property under, a conveyance of real property to secure debt shall be commenced, and no power contained in or conferred by a conveyance of real property to secure debt shall be exercised, after title thereby conveyed · has reverted as provided in this law."

Both federal and state courts have liberally construed the provisions of 50 USCA, Appendix, § 525, to promote the beneficial purpose of the statute. See 26 ALR2d, pp. 284-296.

Construing the 1941 Act in its entirety, including those sections barring the bringing of actions to enforce a security deed the title to which has reverted, the reverter provision is an integral part of a statute of limitation for the bringing of an action, and within the provisions of the Soldiers' and Sailors' Civil Relief Act.

I would hold that the trial judge erred in striking the second defense of the answer of W. A. Newman.

I am authorized to state that Presiding Justice Undercofler and Justice Hall concur in this dissent.