56555. DeKALB COUNTY et al. v. PMS CONSTRUCTION COMPANY, INC. et al.
56556. HOWELL et al. v. PMS CONSTRUCTION COMPANY, INC. et al.
56557. ADAMS v. PMS CONSTRUCTION COMPANY, INC. et al.

414

ARGUED SEPTEMBER 13, 1978 — DECIDED NOVEMBER 22, 1978 —
REHEARING DENIED DECEMBER 13, 1978 —

*George P. Dillard, Gail C. Flake,* for appellants (Case No. 56555).

*William L. Bost, Jr., Charles H. Ivy, Donald A. Weissman,* for appellants (Case No. 56556).

*Davis & Stringer, Robert H. Stringer,* for appellant (Case No. 56557).

*Simmons, Warren & Szczecko, Joseph Szczecko, Bost & Ivy, William L. Bost, Jr., Chuck Watson, Davis & Stringer, Robert H. Stringer, J. Larry Palmer, Katz, Weissman & Loftis, Donald A. Weissman, George P. Dillard, Gail C. Flake,* for appellees.

DEEN, Presiding Judge.

■ This suit was filed October 14, 1975. The summary judgment motions came on for hearing in April, 1978. The court after argument took the case under advisement. Not until April 28, in answer to the Count 5 amendment, did DeKalb County seek to raise the defense of sovereign immunity. This was after the county had filed a prior suit for specific performance of the contract and after it had filed a counterclaim in the pending action. On May 15 the county undertook to answer the plaintiff's latest amendment (the thrust of which was that if the county did in fact have the right to rely on governmental immunity, plaintiff would be entitled to damages as for a taking) by incorporating "by reference herein their answers to paragraphs 1 through 20 of Count 1 of plaintiffs' original complaint." This pleading, filed four days before the final judgment was signed, is the last in the case. It is a defense on the merits. Paragraph 16 of the original answer incorporated therein states that the termination of the contract "was done in accordance with the expressed provisions of the contract." Nothing in that contract refers to governmental immunity. It thus appears that by its own pleadings DeKalb County placed its defense on the merits and not on any plea of sovereign immunity.

"Solemn admissions in judicio as made in the pleadings are conclusive against the party making them,

unless formally withdrawn from the pleadings, in which event they still may be given such credence and effect as the jury, under the circumstances, may feel to be warranted." *Wood v. Claxton,* 199 Ga. 809 (1) (35 SE2d 455) (1945); accord, *City of Moultrie v. Schofield's Sons Co.,* 6 Ga. App. 464 (1) (65 SE 315) (1909). It is, like any other litigant, bound by its pleadings which constitute a solemn admission in judicio. The trial court therefore properly held that DeKalb County was not under the circumstances here entitled to a defense based on sovereign immunity.

■ Upon application of the basic rule of construction of summary judgments that all inferences will be exercised in favor of the party opposing the motion, and that the grant of the judgment is impermissible unless a judgment in favor of the movant is demanded by the uncontradicted evidence, it is obvious that it was error to enter judgment against the architect Howell and Howell & Associates, Inc. based either on the theory that they breached their duty toward the plaintiff contractor or that they were involved in a conspiracy with the county and the Mayer firm to aid them in illegally terminating the contract. The evidence certainly preponderates toward the conclusion that those architectural duties outlined in the contract between the architects and the county were performed in their totality and that no design deficiencies (which constituted the preponderance of the architect's duties under this contract) are even alleged; also, this contract stripped the architect of responsibility for those standard provisions relating to the progress of the work. Since neither Howell nor his firm was party to the contract between the contractor and the county, *Huggins v. Atlanta Tile &c. Co.,* 98 Ga. App. 597 (106 SE2d 191) (1958), holding that an architect cannot delegate his responsibility is inapposite. These are responsibilities the architect never assumed in the first place. A grant of summary judgment against these defendants is not supportable, nor does the fact that the firm did in fact write a letter to DeKalb County's legal firm on the latter's request recommending termination of the contract alter this ruling. Howell's testimony at the very least makes a jury question as to his opportunities for knowing what in

fact the plaintiff had done or failed to do at this stage of the proceedings, and his right or duty to express an opinion to the county legal department as requested.

■ Mayer, his engineering firm, and its employee Adams occupy a single status as agent of DeKalb County in the preparation and execution of the contract with the plaintiff and the events leading to the latter's discharge. (Mayer is now deceased.) DeKalb County, along with its defendant county commissioners, occupy the same legal position as principals who ratified and acted upon the recommendations and contracts prepared by these agents. It is contended as to these entities that since in the contract between the county and the contractor the Mayer firm is named as the construction manager and the Howell firm as the architect, and since there is included in the contract by reference AIA Document A201 (1970) placing upon the architect ordinary supervisory duties which were deleted in DeKalb County's contract with the architect (apparently with the purpose of giving these duties over to the Mayer firm, which latter was *not* done in the contract between the county and the contractor) plaintiff was led to believe that by contract it could depend upon certain decisions being made by the architect which were in fact delegated to a non-architectural firm. As to this contention, *Huggins v. Atlanta Tile &c. Co.,* 98 Ga. App. 597, supra, is indeed apropos as to these defendants. The architectural duties outlined in this contract could not be delegated without the consent of the contracting parties. In the absence of consent, express or implied, or waiver or estoppel, the decisions upon which the county relied in seeking termination of the contract, which decisions involved the quality of some of the work done, and the alleged failure to perform it within the time limited, were in general such decisions as the contract between the county and the contractor called for to be made by the architects. However, with the exception of the letter above referred to in which the contractor informed the Mayer Company that it would address its correspondence to the entity deemed by it to be appropriate, it did in fact, as abundantly appears from the correspondence and depositions, in large measure continue to work with the engineering company rather

than the architectural company in many areas. Such conduct may amount to a waiver. *Ryder Truck Lines v. Scott,* 129 Ga. App. 871, 872 (201 SE2d 672) (1973). Where an issue exists as to whether the parties have mutually departed from the terms of a contract so as to create a waiver or novation, ordinarily a question of fact is presented for jury determination. *Abercrombie v. Howard, Weil, Labouisse, Fredericks, Inc.,* 136 Ga. App. 79, 85 (220 SE2d 275) (1975); *Prothro v. Walker,* 202 Ga. 71 (1) (42 SE2d 114) (1947). It was error to grant summary judgment to the appellee on the question of the liability of Adams as employee of Mayer & Co.

■ A county may not be sued in quantum meruit. *DeKalb County v. Scruggs,* 147 Ga. App. 711 (1978).

■ DeKalb County filed a counterclaim against the contractor alleging that the latter's failure to complete the work within 150 working days as required caused the defendant damages, due both to delay and to improper performance. If there was in fact a waiver of contract provisions providing for architectural services, and if the general contractor was at fault in failing properly to perform, this counterclaim should be submitted to a jury. The court in dismissing this claim held that it was predicated on the judgments of non-architects "contrary to its terms of contract with PMS Construction Company." Again, whether the contract was breached by the contractor or the county or both is a jury question which cannot be decided as a matter of law. It was error to dismiss the counterclaim of the county.

*Judgments reversed. Smith and Banke, JJ., concur.*