## 66246. DAN GURNEY INDUSTRIES, INC. v. SOUTHEASTERN WHEELS, INC.

SOGNIER, Judge.

Dan Gurney Industries, Inc. (Gurney Industries) sued Southeastern Wheels, Inc. (Southeastern) on open account for

$14,555.10. In its amended answer, Southeastern denied any indebtedness and asserted a claim for credit and other adjustments to the account. The trial court, sitting without a jury, found in favor of Southeastern, setting off the money claimed by Gurney Industries and entering judgment for Southeastern for $6,699.04 in credits and adjustments to the account. Gurney Industries appeals.

Southeastern placed a $41,000 order for automobile "mag" wheels with Gurney Industries just before learning of the impending sale of Gurney Industries to Art Hale, Inc. (AHI), one of Southeastern's major competitors. While the shipment of wheels was still in transit, a representative of Southeastern met with Gurney Industries in California and obtained assurances that Gurney Industries had arranged for the continued production by AHI of the Dan Gurney line of wheels. In consideration of this agreement, Southeastern accepted the shipment of wheels. However, within a week of the sale of Gurney Industries' assets to AHI (excluding the accounts receivable), it became apparent to Southeastern that AHI was not going to manufacture the wheels.

1. Appellant contends that there was no evidence to support the trial court's finding that an oral agreement existed between the parties, the breach of which would make appellant responsible for damages to appellee. Evidence was introduced at trial to show that appellant had agreed to arrange for the continued production of the Dan Gurney line of wheels by AHI and that appellee, relying on appellant's making this arrangement, had agreed to accept the $41,000 shipment of wheels. It was uncontroverted that these assurances were made by appellant to appellee for the purpose of inducing appellee to accept delivery of the wheels.

Based upon this evidence, the trial court's finding that appellant agreed to be responsible for appellee's damages in the event that appellant failed to arrange for the continued production of the wheels was not clearly erroneous. The evidence indicates that the parties by mutual consent modified the open account agreement existing between them to include the oral statements assuring the continued production of the wheels. An oral modification of a preexisting contract need not be expressed in words, in writing or signed, but the parties must manifest their intent to modify the original contract. *Ryder Truck Lines v. Scott,* 129 Ga. App. 871, 873-874 (4) (201 SE2d 672) (1973). Because there was some evidence here that the parties manifested their intent to orally modify the open account agreement, this court will not disturb the trial court's finding. *McGhee v. Starr,* 154 Ga. App. 450 (268 SE2d 690) (1980).

2. Appellant further contends that if the oral agreement existed, it is within the Statute of Frauds and thus fails. OCGA

§ 11-2-209 (3) (Code Ann. § 109A-2—209) provides: "The requirements of the statute of frauds section of this article (Code Section 11-2-201 (Code Ann. § 109A-2—201)) must be satisfied if the contract as modified is within its provisions." However, we find that the agreement between the parties is outside of the Statute of Frauds due to partial performance of the agreement under OCGA § 11-2-201 (3) (Code Ann. § 109A-2—201). That statute provides: "A contract which does not satisfy the [formal requirements of the Statute of Frauds] but which is valid in other respects is enforceable: ... (c) With respect to goods for which payment has been made and accepted or which have been received and accepted (Code Section 11-2-606 (Code Ann. § 109A-2—606))."

The delivery of the wheels by appellant and their acceptance by appellee constituted sufficient partial performance under OCGA § 11-2-201 (3) (c) (Code Ann. § 109A-2—201) to render the contract enforceable against the appellant. Gerner v. Vasby, 75 Wis. 2d 660, 250 NW 2d 319 (1977).

3. Appellant asserts that the trial court erred when it considered the diminished value of the wheels in determining appellee's liability under the open account. This enumeration of error is based on appellant's mistaken belief that there was no oral agreement between the parties under which appellant became responsible for damages suffered by appellee. However, our holding to the contrary in Division 1 invalidates this contention. Appellant breached the oral agreement when it failed to arrange for the continued production of the Dan Gurney line of wheels. Expert testimony was introduced to show that in the wheel industry the discontinuation of a line of wheels results in a reduction of up to 50% in the value of the leftover wheels. Expert testimony as to the practices of an industry is admissible (see OCGA § 24-9-67 (Code Ann. § 38-1710)) and the trial court did not err in considering this evidence when it determined the effect of appellant's breach of the oral agreement on appellee's liability to pay for the wheels under the open account.

4. Appellant's remaining enumerations of error are without merit. Evidence was adduced at trial which supports the trial court's finding that no account stated was proved and that appellee was entitled to claims against the open account for credit and other adjustments. On appeal of the judgment of a trial judge sitting without a jury, a judgment will not be disturbed if there is any evidence to sustain it. *Collins v. Brayson Supply Co.,* 157 Ga. App. 438, 439 (278 SE2d 87) (1981).

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED OCTOBER 3, 1983.

*L. Dale Owens, Charles M. Dalziel, Jr.,* for appellant.
*James E. Stokes, Jr., Barry L. Zimmerman,* for appellee.