## A90A0697. TUREM et al. v. SINOWSKI & JONES.
### (395 SE2d 60)

BIRDSONG, Judge.

Appellants Turem et al. appeal the grant of summary judgment to the plaintiff law firm in this suit on account or for fees owed. Appellants contend principally that they first agreed to pay Sinowski & Jones a certain fee for assistance in preparing the offering of issuance and sale of capital stock in appellants' corporation, but later the law firm itself became interested in the investment and accepted as its fee the offer of stock options in return for sharing the risk for success of the offering. Turem et al. contend appellee law firm negotiated that it be paid the balance of its fee above the original retainer, out of the funds to be raised by its stock offering. These facts were disclosed in the offering documents, pursuant to state and federal securities law requirements. The stock offering failed to raise the anticipated capital; appellee sought its original fee. The trial court found the original fee contract to be binding and that it had not been modified, under the definition of OCGA § 13-4-4. According to the trial court's ruling, § 13-4-4 requires that for a jury question to exist as to modification, "two elements must have existed: (1) [d]efendants must have paid; and (2) [p]laintiff must have received *money* under the alleged modification." (Emphasis supplied.) See *Norair Engineering Corp. v. Porter Trucking Co.*, 163 Ga. App. 780 (295 SE2d 155).

Appellants also object to the trial court's jurisdiction. *Held*:

1. The trial court erred in granting summary judgment on grounds that plaintiff law firm received no money, even though it is clear that after the original fee agreement was entered, the parties negotiated for appellee law firm to receive stock options as part of the agreed fee, and to thus share the risk of the offering. That such negotiations occurred and a new agreement was consummated are evidenced by the parties' affidavits and by the disclosure statements made in the offering documents themselves. There can be no doubt that appellee law firm made an investment by which it acquired "the right to earn . . . compensation," as defined by the Georgia Securities Act, OCGA § 10-5-2 (26) (C); see also § 10-5-2 (8). The law of modification generally is that the terms of a written contract may be modified or changed by a subsequent parol agreement, "where such agreement is founded on a sufficient consideration." *Ryder Truck Lines v. Scott*, 129 Ga. App. 871, 873 (201 SE2d 672).

OCGA § 13-4-4 does provide that where actual *"money"* is exchanged, a departure from the contract is effected. Nevertheless, this code section does not anywhere provide that exchange of "money" is the *only* circumstance by which a departure or modification can be effected; and the statute nowhere provides that it is the sole and exclusive repository of law applicable to the question of whether there

has been a valid modification or novation. In fact, § 13-4-4 does not directly address this question but merely says that *if money has been paid or received* under a departure so as to provide consideration for a legal modification, then the party seeking to enforce the original contract *must give reasonable notice*; otherwise, the contract is "suspended by the departure" until such notice. OCGA § 13-4-4. This statute merely sets forth a plain statutory consequence of the receipt or payment of money under a departure. It does not purport to supplant the other legal circumstances that will effect a novation or modification. Clearly if, as alleged, the parties here substituted an investment position with potential for compensation (see § 10-5-2 (26) (C)) for the original fee agreement, the jury may find a modification of the contract, supported by sufficient consideration. *Ryder Truck Lines*, supra. The trial court erred in interpreting § 13-4-4 and its use of the term "money" to provide the sole means of effecting a modification.

2. The Cobb County trial court did not err in finding that it had jurisdiction of the case, for the legal consulting business of the parties was transacted in appellee's office in Cobb County. OCGA § 9-10-93. And, as joint obligors on the fee arrangement, whatever it was, all defendants may be sued in Cobb County (§ 9-10-31); and mere failure to make proof of service of the appellant-defendants who resided elsewhere (OCGA § 9-11-4 (g)) does not remove jurisdiction otherwise proper.

The summary judgment to appellee was correct and no reason is shown why the jurisdiction of the Cobb County court is not properly founded.

*Judgment affirmed in part and reversed in part. Banke, P. J., and Cooper, J., concur.*

DECIDED JUNE 4, 1990.

*Peters, Peebles, Talley & Townsend, Charles F. Peebles*, for appellants.

*Sinowski & Jones, Mark V. Clark*, for appellee.