A94A0081. KENNEDY et al. v. PORTER.
(444 SE2d 818)

SMITH, Judge.

Thomas C. Kennedy and others filed a personal injury complaint against Reginald D. Porter. The trial court eventually dismissed the complaint based on the failure of plaintiffs to serve Porter within the applicable limitation period. Finding no such failure, we reverse.

The automobile collision giving rise to appellants' complaint occurred on August 5, 1986. Porter concedes that the statute of limitation was tolled upon his entry into military service in February 1988.[1]

---

[1] " 'Section 205 (50 USCA, Appendix, § 525) of the Soldiers' and Sailors' Civil Relief

Appellants filed their complaint on July 29, 1988. On July 30, 1988, a sheriff's entry of service was filed revealing that Porter was not served because he was at that time stationed in England with the United States Air Force. Porter points out that appellants then attempted to serve him by serving his grandmother, purportedly in accordance with OCGA § 9-11-4 (d) (7). However, appellants do not claim on appeal that service of process was satisfied in this manner, and we need not consider this attempt to serve Porter in order to resolve this appeal.

On November 6, 1989 appellants filed a "recast complaint." An acknowledgment of service by Porter's attorney was also filed on that date, stating as follows: "The undersigned counsel, of record as attorney of record for the defendant herein, hereby acknowledges receipt of the plaintiffs' recast complaint and waives service and further process, subject to the defenses previously asserted, including but not limited to, the defense of statute of limitations."

Appellants claim that Porter was served within the applicable limitation period as evidenced by his attorney's acknowledgment of service of the "recast complaint" in November 1989, and not on September 14, 1992, as found by the trial court. We agree. In reaching this conclusion, we first note that this is not the usual case in which the complaint has been dismissed due to untimely service of process and the subsequent appeal turns on "whether the plaintiff[s] showed that [they] acted in a reasonable and diligent manner in attempting to insure that a proper service was made as quickly as possible" as a matter of law. *Childs v. Catlin*, 134 Ga. App. 778 (216 SE2d 360) (1975). Porter's motion to dismiss focuses exclusively on the sufficiency of service based on the attempted substituted service on Porter's grandmother. Porter presented no argument below, and likewise presents none on appeal, with respect to the diligence exercised by appellants prior to the acknowledgment of service made by Porter's counsel on Porter's behalf filed on November 6, 1989 — over three years and two months after the cause of action arose. Indeed, Porter concedes that OCGA § 9-3-33 was tolled during his period of military service. The timeliness of service is therefore not at issue.

OCGA § 9-11-4 (d) (7) provides that service may be made "by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process." Moreover, OCGA § 9-10-73 provides that "[t]he defendant may acknowl-

Act, as amended, provides for a tolling of statutes of limitations "by or against any person in military service" during his or her period of military duty. . . . Unlike Section 201 (50 USCA, Appendix, § 521), which has been held to grant to the courts discretionary authority to stay proceedings where military service affects the conduct thereof, Section 205 is mandatory in nature and has been so interpreted.' [Cit.]" *Newman v. Newman*, 234 Ga. 297, 298 (216 SE2d 79) (1975).

edge service . . . by a writing signed by . . . someone authorized by him." Porter has not in any way challenged the authority of his counsel to acknowledge service on his behalf, and his counsel is estopped from doing so. See generally *Newell v. Brown*, 187 Ga. App. 9 (369 SE2d 499) (1988).

We reject Porter's interpretation of the "recast complaint" served on his attorney in November 1989 as no more than an acknowledgment of an amendment to the appellants' original complaint which was never served. While it is true that the Civil Practice Act does not specifically provide for "recast complaints," but merely for amendments to complaints, OCGA § 9-11-15 (a), we fail to see the significance of this distinction. Porter's attorney was served with the entire complaint as amended pursuant to OCGA § 9-11-15 (a). We are aware of no authority for the proposition that appellants could amend the original complaint under OCGA § 9-11-15 (a) only after Porter was served. We are likewise unaware of any authority for the proposition that OCGA § 9-11-4 (d) mandates that Porter be served with a copy of the original, unamended complaint *rather than* the "recast complaint" to which he must ultimately respond. Such a rule would serve no other purpose than to create a trap for the unwary plaintiff. Since Porter was properly served, as evidenced by his counsel's acknowledgment of service, the trial court erred in dismissing appellants' complaint.

*Judgment reversed. Pope, C. J., and McMurray, P. J., concur.*

DECIDED MAY 16, 1994 —
RECONSIDERATION DENIED JUNE 1, 1994 — 

*Beauchamp & Associates, William Eckhardt*, for appellants.
*Burt & Burt, Hilliard P. Burt, Divine, Wilkin, Raulerson & Fields, E. B. Wilkin, Jr., R. Kelly Raulerson*, for appellee.