## A00A0907. VINCENT v. LONGWATER.
(538 SE2d 164)

SMITH, Presiding Judge.

In this appeal of an order denying a career soldier's motion for summary judgment or, in the alternative, to dismiss a belatedly served complaint, we are called upon to determine the scope and effect of the tolling provision of Section 205 of the Soldiers' & Sailors' Civil Relief Act. 50 USCA Appx § 525. The trial court, in a thoughtful and well-crafted order, concluded that Section 205 by its terms applies to career military personnel as well as to those temporarily serving, that the statute of limitation as to the civil action against the soldier was tolled by Section 205, and that the doctrine of laches is inapplicable here. We agree with the trial court, and we affirm.

In April 1995, Edwin Longwater brought this action against Gary Vincent, a sergeant in the United States Army, alleging that he suffered personal injuries in an automobile collision and that Vincent negligently caused his injuries. On May 24, 1995, the sheriff issued a non est factum return on Vincent, stating that he was in Korea. Vincent was eventually served on January 6, 1998, and filed answers asserting the statute of limitation and the doctrine of laches. Vincent then moved to dismiss the complaint or, alternatively, for summary judgment on the basis of the statute of limitation and laches. We denied Vincent's application for interlocutory review, and the case proceeded to trial and ended in a jury verdict in favor of Longwater.[1] This appeal followed.

1. Section 205 provides in pertinent part:

> The period of military service shall not be included in computing any period now or hereafter to be limited by any law, regulation, or order for the bringing of any action or proceeding in any court, board, bureau, commission, department, or other agency of government *by or against* any person in military service or by or against his heirs, executors, administrators, or assigns, whether such cause of action or the right or privilege to institute such action or proceeding shall have accrued prior to or during the period of such service.

(Emphasis supplied.) 50 USC Appx § 525.

Vincent first contends that Section 205 does not apply to career military personnel, as opposed to those temporarily posted to active duty. But, as Vincent acknowledges, "[u]nlike Section 201 (50 USCA, Appendix, § 521), which has been held to grant to the courts discre-

---

[1] It does not appear that Vincent sought a discretionary stay of this action under Section 201 of the Act, 50 USC Appx § 521.

tionary authority to stay proceedings where military service affects the conduct thereof, Section 205 is mandatory in nature and has been so interpreted." (Citations and punctuation omitted.) *Newman v. Newman*, 234 Ga. 297, 298 (216 SE2d 79) (1975); see also *Kennedy v. Porter*, 213 Ga. App. 398-399, n. 1 (444 SE2d 818) (1994). And regardless of the split of authority in the federal circuits pointed out by Vincent,[2] the Supreme Court of this state has expressly applied Section 205 to a career military serviceman. *Newman*, supra, acknowledged the application of Section 205 to a serviceman with almost 20 years of service, but declined to apply the tolling provision to a statutory reverter of title to land. Id. at 298-299.

Vincent also relies upon the well-established line of cases governing delayed service of process after running of the statute of limitation. See, e.g., *Strickland v. Home Depot*, 234 Ga. App. 545-546 (507 SE2d 783) (1998); *Devoe v. Callis*, 212 Ga. App. 618, 619 (442 SE2d 765) (1994). But those decisions are inapplicable here, because at the time Vincent filed his motion he remained on active duty with the United States Army. If Section 205 applies to Vincent as a career serviceman, the statute of limitation remains tolled and has not yet run.

Applying Section 205 as a mandatory provision, as we must, we conclude that the period of Vincent's military service may not be included in computing any period of limitation for the bringing of a legal action against him. The trial court therefore correctly concluded that the statute of limitation was tolled for the entire period of Vincent's military service.

2. In his second enumeration of error, Vincent contends that, even if the statute of limitation on the claim against him is tolled, the doctrine of laches should operate to bar Longwater's claim.[3] Under the facts and circumstances shown here, we disagree.

Laches is an equitable doctrine. The first maxim of equity is that equity follows the law. OCGA § 23-1-6; *Dolinger v. Driver*, 269 Ga. 141, 143 (4) (498 SE2d 252) (1998). Longwater's suit against Vincent is a straightforward common law negligence action for money damages. "The doctrine of laches is an equitable one and has no relevancy to the action here since the rights to be enforced were upon legal grounds, and the statute of limitation had not run." (Citations and punctuation omitted.) *Spalding Ford Lincoln-Mercury v. Turner Broadcasting Systems*, 202 Ga. App. 505, 508 (4) (415 SE2d 26)

---

[2] "[T]his Court is not bound by decisions of other states or federal courts except the United States Supreme Court." *Rodgers v. First Union Nat. Bank*, 220 Ga. App. 821, 822 (1) (a) (470 SE2d 246) (1996). This is particularly true in the presence of "pertinent Georgia authority." *Sanchez v. State*, 234 Ga. App. 809, 810, n. 1 (508 SE2d 185) (1998).

[3] Once again, Vincent cites various federal cases from the Court of Claims and the Federal Circuit in support of his position. But as in Division 1, supra, we do not resort to federal law in the presence of controlling Georgia authority.

(1992). "A delay which was not beyond the statute of limitation could not be held to be laches sufficient to bar the action. [Cit.]" *Cosby v. A. M. Smyre Mfg. Co.*, 158 Ga. App. 587, 592 (7) (281 SE2d 332) (1981).

Moreover, even if the doctrine of laches were applicable here, it would still be necessary for the pleader to "prove harm caused him by the delay. . . . Delay alone is never enough to show laches where there is an applicable statute of limitation." (Citations omitted.) *Clover Realty Co. v. J. L. Todd Auction Co.*, 240 Ga. 124, 126 (4) (239 SE2d 682) (1977). Vincent has not presented any evidence of harm caused by the delay; in his pleadings he asserts merely that the delay was unreasonable and that Longwater failed to exercise due diligence.[4] The trial court did not err in declining to dismiss the complaint or to grant summary judgment in favor of Vincent.

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED AUGUST 10, 2000 

*Brennan, Harris & Rominger, Mason White, James D. Kreyenbuhl*, for appellant.
*Eugene C. Brooks IV*, for appellee.

---

[4] In fact, Vincent asserts that he need not show prejudice because the delay is "inherently prejudicial."