A08A0517. WILLIAMS v. HUNTER.
(662 SE2d 810)

MIKELL, Judge.
Linda S. Williams appeals the order dismissing her renewed personal injury action, filed in Paulding County (the "Paulding action") against Theresa J. Hunter a/k/a Theresa J. Andrews ("Hunter"). We affirm.

The record shows that Williams initially filed a complaint against Hunter in Cobb County on March 3, 2003, (the "Cobb action") arising out of an automobile collision that occurred on June 29, 2001. The two-year statute of limitation, OCGA § 9-3-33, expired

on June 29, 2003. GEICO,[1] Williams's uninsured motorist carrier, was served on May 12, 2005. According to the trial court's order dismissing the instant Paulding action, an order perfecting service by publication was "apparently" filed in Cobb County on October 8, 2003, and the Cobb action was dismissed on January 17, 2006. Williams filed the Paulding action, which is not denominated as a renewal action, on July 7, 2006, three years after the statute of limitation expired, and effected personal service upon Hunter on July 10, 2006. GEICO apparently accepted service of the complaint and filed its answer and cross-claim on September 25, 2006. Hunter filed a motion to dismiss the Paulding action, arguing that Williams's complaint was void at the time of dismissal and, therefore, was not eligible for renewal pursuant to OCGA § 9-2-61. The trial court agreed and granted Hunter's motion to dismiss. Williams appeals.

Pursuant to OCGA § 9-2-61 (a), a plaintiff may recommence an action after voluntarily dismissing it by filing a new complaint "within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later." But the privilege of renewal under this statute "applies only to actions that are valid prior to dismissal. To constitute a valid action, the complaint must be served personally on the defendant."[2] "The original suit is void if service was never perfected, since the filing of a complaint without perfecting service does not constitute a pending suit."[3] In the case at bar, it is undisputed that Hunter was not personally served in the Cobb action. It follows that the trial court properly held that the Cobb action was void and not subject to renewal. The instant action is thus barred by the statute of limitation.[4]

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED MAY 30, 2008.

*Perrotta, Cahn & Prieto, Russell S. Thomas*, for appellant.

---

[1] GEICO is identified by various names in the record: GEICO General Insurance Company, GEICO Casualty Insurance Company, and, in the Cobb action, as GEICO Indemnity Company.

[2] (Citations and punctuation omitted.) *Hudson v. Mehaffey*, 239 Ga. App. 705, 706 (521 SE2d 838) (1999); accord *Costello v. Bothers*, 278 Ga. App. 750, 752 (2) (629 SE2d 599) (2006); *Hawkins v. Wilbanks*, 248 Ga. App. 264, 265 (546 SE2d 33) (2001).

[3] (Citations omitted.) *Hobbs v. Arthur*, 264 Ga. 359, 360 (444 SE2d 322) (1994).

[4] See *Wyatt v. House*, 287 Ga. App. 739, 741 (2) (652 SE2d 627) (2007).

*Bridges, Ormand & Faenza, Robert A. De Metz, Jr., Anastasia L. Alexander*, for appellee.