**SECOND DIVISION**
**MILLER, P. J.,**
**RICKMAN and REESE, JJ.**

**NOTICE:** Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**June 18, 2019**

# In the Court of Appeals of Georgia

A19A0748. NORTHWEST GEORGIA CONTRACTING, LLC et al. v. ST. GERMAIN et al.

RICKMAN, Judge.

Northwest Georgia Contracting, LLC (NWGC) and Andy Ledbetter appeal from the trial court's order granting default judgment against them, denying their motion to reopen default, and awarding damages to Freida St. Germain and Frances Patton in their action stemming from construction work performed by NWGC, a company owned by Ledbetter. NWGC and Ledbetter contend that the trial court erred by concluding that they were in default because they were not required to answer the amended complaint and Ledbetter was not properly made a party to the action. They also contend that the trial court erred by improperly awarding damages against Ledbetter individually on claims not pled against him and by failing to allocate fault.

For reasons that follow, we affirm in part and vacate in part, and remand the case for further proceedings consistent with this opinion.

On August 3, 2017, St. Germain and Patton filed suit against NWGC, asserting claims for negligent construction, breach of contract, money had and received, punitive damages, and attorney fees. NWGC was not served with that complaint. St. Germain and Patton then filed a "First Amended Complaint for Damages" on September 21, 2017. The amended complaint added Ledbetter as a party and asserted claims against NWGC for breach of contract and money had and received and against both defendants for negligent construction, punitive damages, attorney fees, violation of the Georgia Fair Business Practices Act, and violation of the Georgia Unfair or Deceptive Practices Toward the Elderly Act. NWGC and Ledbetter were served with the amended complaint on October 17, 2017.

When NWGC and Ledbetter failed to answer the amended complaint, St. Germain and Patton moved for default judgment. At a March 15, 2018 hearing, at which Ledbetter appeared without counsel, the trial court orally granted the motion for default judgment, heard evidence from St. Germain and Patton on damages, and continued the hearing to allow Ledbetter to obtain counsel for himself and NWGC

2

and to present evidence on damages.[1] On April 23, 2018, NWGC and Ledbetter, through counsel, filed an answer to the amended complaint and a motion to open default. In their motion, NWGC and Ledbetter argued that they were not required to file an answer to the amended complaint and that they had established both excusable neglect and a proper case for the default to be opened. When the hearing was continued on April 26, 2018, the trial court orally ruled that it was not going to reopen default, and NWGC and Ledbetter presented testimony disputing the amount of damages sought by St. Germain and Patton. On May 11, 2018, the trial court issued an Order on Default, ruling that NWGC and Ledbetter were required to answer the amended complaint and that there had been no showing of providential cause, excusable neglect, or a proper case to support reopening the default. The trial court then assessed damages against NWGC and Ledbetter on the claims for negligent construction, breach of contract, punitive damages, and attorney fees.

1. NWGC and Ledbetter contend that the trial court erred in concluding that they were in default because they were not required to answer the amended complaint.

---

[1] When asked why he had not filed anything on behalf of the defendants, Ledbetter responded that he "was waiting to turn it in to [his] insurance company."

To support their contention, NWGC and Ledbetter rely on the rule that "[a] responsive pleading to an amended complaint need not be filed unless such a pleading is required by statute or court order." *GeorgiaCarry.Org v. Code Revision Comm.*, 299 Ga. 896, 899 (1) (793 SE2d 35) (2016); see OCGA § 9-11-15 (a).[2] "This rule [also] applies when a party is added by amendment to an existing suit." *Marwede v. EQR/Lincoln Ltd. Partnership*, 284 Ga. App. 404, 406 (1) (643 SE2d 766) (2007).

Initially, we note that "[a] suit commences only after the filing of a petition and the proper service of process upon the defendant as required and authorized by law." *Anglin v. State Farm Fire & Cas. Ins. Co.*, 348 Ga. App. 362, 364 (1) (823 SE2d 51) (2019). Thus, the mere filing of a complaint without perfecting service does not constitute a pending suit. See *Williams v. Hunter*, 291 Ga. App. 731, 732 (662 SE2d 810) (2008). Here, the suit commenced when NWGC and Ledbetter were served with the amended complaint, which made no reference to the earlier complaint, fully asserted all claims against both defendants, and was the only complaint served on

---

[2] OCGA § 9-11-15 (a) provides that "[a] party may amend his pleading as a matter of course and without leave of court at any time before the entry of a pretrial order. Thereafter the party may amend his pleading only by leave of court or by written consent of the adverse party. Leave shall be freely given when justice so requires. A party may plead or move in response to an amended pleading and, when required by an order of the court, shall plead within 15 days after service of the amended pleading, unless the court otherwise orders."

4

either party. Although the pleading was labeled an amended complaint, the title of the document is not controlling as "[i]t is well established that there is no magic in nomenclature, and in classifying pleadings we will construe them to serve the best interests of the pleader, judging the pleading by its function rather than by its name." (Citations and punctuation omitted.) *9766, LLC v. Dwarf House, Inc.*, 331 Ga. App. 287, 289 (1) (771 SE2d 1) (2015). In this situation, the amended complaint functioned as an original complaint, and an answer was required without order of the court. Cf. *Kennedy v. Porter*, 213 Ga. App. 398, 399 (444 SE2d 818) (1994) (noting lack of authority for the proposition that appellants could amend the original complaint under OCGA § 9-11-15 (a) only after defendant was served or for the proposition that OCGA § 9-11-4 (d) mandates that defendant "be served with a copy of the original, unamended complaint rather than the 'recast complaint' to which he must ultimately respond") (emphasis omitted). Accordingly, under the specific facts of this case, we conclude that the trial court did not err in ruling that an answer to the amended complaint was required.

2. Ledbetter contends that the trial court erred in not dropping him from the amended complaint because St. Germain and Patton failed to obtain leave of court before adding him.

For an additional party to be added to an existing suit by amendment pursuant to OCGA § 9-11-15 (a), leave of court must first be sought and obtained pursuant to OCGA § 9-11-21.[3] See *Odion v. Varon*, 312 Ga. App. 242, 244 (3) (718 SE2d 23) (2011). Here, however, no suit or action was pending at the time the complaint was amended to add Ledbetter as a party because no complaint had been served. See *Williams*, 291 Ga. App. at 732. Thus, leave of court was not required to include Ledbetter as a party defendant in the amended complaint, which, as discussed in Division 1, functioned as an original complaint.

3. NWGC and Ledbetter alternatively contend that the trial court erred in awarding damages against Ledbetter individually on the breach of contract claims because no breach of contract claims were asserted against him; they seek to have the case remanded to allow the trial court to allocate breach of contract damages against NWGC exclusively. St. Germain and Patton concede this issue.

In the amended complaint, St. Germain asserted a breach of contract claim against NWGC, and Patton asserted a third party beneficiary breach of contract claim against NWGC. The trial court assessed damages against NWGC and Ledbetter on

---

[3] The relevant portion of OCGA § 9-11-21 provides that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."

those claims. Because no breach of contract claims were asserted against Ledbetter individually, the trial court erred in assessing breach of contract damages against him. Accordingly, we vacate the damages award on the breach of contract claims and remand the case to allow the trial court to assess all breach of contract damages against NWGC. See generally *Paine v. Nations*, 283 Ga. App. 167, 170 (2) (b) (641 SE2d 180) (2006).

4. NWGC and Ledbetter contend that the trial court's order must be vacated and remanded because the trial court failed to allocate fault as required by OCGA § 51-12-33 (b). Although St. Germain and Patton concede this issue in part, this Court is not bound by a party's concession on appeal. See *Franklin v. Eaves*, 337 Ga. App. 292, 298 (2) (787 SE2d 265) (2016).

Pursuant to OCGA § 51-12-33 (b), "[w]here an action is brought against more than one person for injury to person or property, the trier of fact, in its determination of the total amount of damages to be awarded, if any, shall . . . apportion its award of damages among the persons who are liable according to the percentage of fault of each person." Here, the trial court assessed all damages against NWGC and Ledbetter, and did not assess fault for purposes of apportioning damages between them. Although apportionment would be permitted here even though liability was

7

established in a default judgment rather than by a trier of fact, see *I. A. Group Co. v. RMNANDCO, Inc.*, 336 Ga. App. 461, 463-464 (1) (784 SE2d 823) (2016), the trial court did not err in failing to assess fault. "It is the defendants' burden to establish a basis for apportionment, and it is the factfinder's role to assign fault accordingly." *Stewart Ausband Enterprises v. Holden*, 349 Ga. App. 295, 300 (2) (826 SE2d 138) (2019). NWGC and Ledbetter offered no evidence as to apportionment, so there was no basis to apportion the award between them. Accordingly, the evidence supported an award jointly against them on the non-breach of contract claims. See id.

*Judgment affirmed in part, vacated in part, and case remanded with direction. Miller, P. J., and Reese, J., concur.*