A92A0209. CHASTAIN v. SPECTRUM STORES, INC.
(418 SE2d 420)

COOPER, Judge.

Appellant appeals from the trial court's grant of summary judgment to appellee and denial of summary judgment to appellant.

On April 13, 1989, appellee entered into a lease agreement to lease a parcel of land owned by appellant. The lease was for a term of five years beginning on July 1, 1989. Paragraph 24 of the lease provided: "*CONDITIONS PRECEDENT.* This lease is subject to the following conditions precedent, the failure of any one of which shall, at the option of the Lessee, render this Lease null and void and of no force and effect whatsoever.

"A. Lessor shall proceed promptly to build an asphalt road sixty feet (60´) wide with curb and gutters adjacent to and along the entire southerly boundary of the Leased Premises extending past the rear (easterly) property line. The road shall be completed in accordance with standards set by the Consolidated Government of Columbus and shall be deeded to and accepted by said entity as a public street. Lessor shall exert his reasonable best efforts to complete said road by September 1, 1989.

. . .

"D. Lessee shall be granted by the appropriate governmental authorities at least two (2) curb cuts permitting ingress and egress to and from the Leased Premises on Milgen Road and at least two (2) curb cuts permitting ingress and egress to and from the Leased Premises on the road to be constructed by Lessor."

On June 15, 1989, appellee was notified by letter from the City of Columbus that two curb cuts would not be allowed on Milgen Road. In a letter dated June 28, 1989, appellee informed appellant as follows: "We are currently considering our options specifically whether or not to declare the Lease null and void. Since the first rental payment is due soon, our current intention is to go ahead and pay the first payment in order to protect our rights under the Lease. However,

this or any subsequent payment of rental shall not be taken as a waiver of our right to declare the Lease null and void for the reasons outline above."

By letter dated June 30, 1989, appellant offered to release appellee from the lease agreement, but indicated that he needed an answer immediately because other persons were interested in the property. Appellant further stated that he would consider the agreement null and void unless he received the first month's rent by July 5, 1989. On July 6, 1989, appellee forwarded a check for the first month's rent to appellant with a letter which stated: "The payment of this rent should not be construed as a waiver of our right to declare this lease null and void for one or more of the reasons outlined in my letter of June 28, 1989. We are still reviewing this matter and will advise you as soon as we are able to make a decision." On July 27, 1989, appellee forwarded the second month's rent to appellant again with a letter stating that the payment should not be construed as a waiver of its right to declare the lease null and void. On August 25, 1989, appellee notified appellant by letter that pursuant to Section 24 of the lease, appellee was declaring the lease to be null and void due to the failure of the condition precedent regarding the two curb cuts. When appellant threatened to sue appellee for amounts due under the lease, appellee filed a declaratory judgment action seeking an order declaring the lease to be void, the return of the rental payments made to appellant and attorney fees. Appellant counterclaimed seeking to have the lease enforced and to recover all sums due under the lease. The trial court granted partial summary judgment to appellant on that portion of appellee's complaint seeking a declaratory judgment. Both parties filed cross-motions for summary judgment on the remaining allegations, and the trial court granted appellee's motion and denied appellant's motion.

" 'A condition precedent must be performed before the contract becomes absolute and obligatory upon the other party. . . .' OCGA § 13-3-4." *Fulton County v. Collum Properties,* 193 Ga. App. 774 (1) (388 SE2d 916) (1989). "Forfeiture of a lease by acts of a party to a lease because of a breach of a covenant or condition are not favored, but where there is an express provision in the contract, termination or forfeiture of the lease will be permitted. [Cit.]" *C & A Land Co. v. Rudolf Investment Corp.,* 163 Ga. App. 832, 833 (296 SE2d 149) (1982). The lease agreement clearly states that the condition regarding the granting of two curb cuts on Milgen Road is a condition precedent, the failure of which will render the lease null and void. We are convinced that it was the intention of the parties at the time this lease was executed that if appellee were unable to secure permission for two curb cuts on Milgen Road, the lease would be null and void. However, the thrust of appellant's argument is that appellee waived

the performance of the condition precedent by making the first two months' rental payments to appellant. We do not agree. " ' "While a distinct stipulation in a contract may be waived by the conduct of the parties, it must appear that it was the intention of the parties to treat such stipulations as no longer binding. The mere fact that one party so intended would not bring about this result. It must appear that it was the mutual intention; that is, the circumstances must be such as, in law, to make practically a new agreement as to the stipulations in the original contract." ' [Cit.]" *Prudential Ins. Co. of America v. Nessmith*, 174 Ga. App. 39-40 (329 SE2d 249) (1985). In both letters accompanying the rental payments, appellee explicitly stated that the payment of the rent should not be construed as a waiver of its right to declare the lease null and void. Regardless of how appellant interpreted the payment of rent after the failure of the condition, it is clear that appellee did not intend to waive its right to declare the lease null and void. Accordingly, we find no error with the trial court's grant of summary judgment to appellee and denial of summary judgment to appellant.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED APRIL 24, 1992.

*Kenneth M. Henson, Jr.*, for appellant.

*Hatcher, Stubbs, Land, Hollis & Rothschild, Joseph L. Waldrep, James E. Humes II*, for appellee.