A98A0721. GERDES v. RUSSELL ROWE COMMUNICATIONS, INC. et al.

(502 SE2d 352)

BIRDSONG, Presiding Judge.

Kenneth Gerdes appeals the grant of summary judgment to defendants Russell Rowe Communications, Inc., Herman Russell, M. B. Seretean and Don Heald, on Gerdes' claims for breach of contract, promissory estoppel and quantum meruit.

The record shows that in 1982, Gerdes was hired to work as the station manager of a new television station in Macon, Georgia, WGXA-TV, Channel 24. WGXA-TV was owned by Russell Rowe Communications, Inc. ("Russell Rowe"). At all relevant times, Herman Russell, Bud Seretean and Don Heald served on Russell Rowe's board of directors. Don Heald also served as the president of Russell Rowe.

On or about November 30, 1987, Gerdes entered into a written agreement for contingent compensation with Russell Rowe Communications, Inc. In this agreement, Russell Rowe agreed to pay Gerdes two percent of the net sale proceeds for any sale of WGXA "upon the condition that Gerdes remains in the employment of Russell Rowe for a continuous period commencing on the date hereof and continuing through the date of any sale by Russell Rowe." The agreement specifically described the consideration for the agreement as including *"Gerdes' employment and continued employment by Russell Rowe. . . ."* (Emphasis supplied.) The agreement expressly provided

that "[n]o amendment, waiver, or alteration of this Agreement shall be claimed unless said waiver, amendment, or alteration is in writing and referring [sic] specifically to this Agreement."

The record shows that Gerdes later attempted to negotiate a better bargain on several occasions. Minutes from an October 20, 1988 board meeting state, "Mr. Gerdes then requested additional compensation, subject to the contingent compensation granted him in an Agreement, dated as of November 30, 1987, by and between the Company and Mr. Gerdes. No action was taken on his request." His contingent compensation agreement was discussed by the board again on January 24, 1989, with no apparent action taken. In a November 2, 1990 board meeting, "Ken Gerdes . . . asked that he be given an equity interest in the Company. Mr. Russell stated that his request would be considered." The minutes from the executive session of the board on this same date, not attended by Gerdes, state "[t]here was general discussion regarding Mr. Gerdes' compensation arrangement. Following the discussion, the Board decided to delay action on Mr. Gerdes' request until his tenth anniversary with the Company." There is no dispute that the 1987 agreement was never amended in writing. Gerdes contends that a subsequent oral agreement was made in 1992, after his tenth anniversary with the station. Under this alleged agreement, Gerdes would receive, at the time of the sale of the station, either $435,000 or four percent of the sales price of the station without a compound interest deduction.

In his interrogatory responses, Gerdes also claims that he was "instructed to assist and provide information to the prospective purchasers of WGXA-TV Channel 24. He was promised that he would receive additional compensation for the same because it was outside the scope of his normal duties as general manager of the station. The extra work plaintiff performed consisted of, but by no means was limited to, the preparation and review of documents to expedite the sale of the station, assisting with due diligence to effectuate the same, he obtained Fox football to increase the sales price of the station, he intervened and requested that the prospective purchasers pay for certain services that saved defendants substantial sums of money." Gay McMichael, an accountant for the station, testified in his deposition that Heald told him that Gerdes "would be taken care of" if he cooperated in the sale process. Heald admitted in his deposition that he told Gerdes "there might be some additional reward for him" if he cooperated and assisted with the sale of the station. According to Heald, Gerdes did not cooperate in the sale. Nonetheless, Gerdes was given three weeks severance pay totaling $3,005 after the station sold. *Held*:

1. In his first enumeration of error, Gerdes claims that the trial court erred when it granted defendants' motion for summary judg-

ment on his breach of the alleged oral contract claim for either $435,000 or four percent of the sale price of the station. Contractual requirements that all modifications be made in writing are valid and enforceable. *Clark v. Gen. Motors Acceptance Corp.*, 185 Ga. App. 130, 134 (363 SE2d 813). Although "[w]aiver of a written modification requirement in a contract may be established through the course of conduct between the parties," Gerdes has failed to prove that such occurred here. (Citations and punctuation omitted.) *American Car Rentals v. Walden Leasing*, 220 Ga. App. 314, 316 (469 SE2d 431). Instead, the record shows that Gerdes accepted the $94,832 due to him under the original, written 1987 agreement and released all of his claims under the 1987 agreement. Additionally, the 1987 agreement contained a waiver clause protecting the parties from any failure to insist on the performance of any term or condition, such as written modifications. Id. The trial court did not err in granting summary judgment to the defendants on Gerdes' breach of contract claim.

2. In his second enumeration of error, Gerdes claims the trial court should not have granted summary judgment to the defendants on his promissory estoppel claim for $435,000 or four percent of the sales price of the station. Under the doctrine of promissory estoppel, "[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." OCGA § 13-3-44 (a). "Promissory estoppel cannot be applied unless the promisee reasonably relied on the promise." *Fidelity & Deposit Co. of Maryland v. West Point Constr. Co.*, 178 Ga. App. 578, 580 (344 SE2d 268).

We hold that, as a matter of law, Gerdes could not reasonably rely upon the alleged oral promises of $435,000 or four percent of the sales price. The 1987 agreement specifically provided that it could be altered only in writing, and Gerdes does not dispute that this was never done. "[T]his clear and unambiguous provision served to place appellant on due notice that he could not thereafter reasonably rely upon any words or other course of dealing to his inducement, other than a modification agreement actually reduced to writing. . . ." *Hendricks v. Enterprise Financial Corp.*, 199 Ga. App. 577, 580 (405 SE2d 566). Likewise, "in view of this provision [defendants] could not reasonably expect that [their] particular conduct, even when such conduct is viewed in the light most favorable to appellant, would induce the asserted action or forbearance on the part of appellant." Id. The trial court properly granted summary judgment to the defendants on Gerdes' promissory estoppel claim.

3. Gerdes' third enumeration of error alleges that the trial court erred in granting summary judgment to the defendants on his quantum meruit claims. We affirm the trial court's ruling with regard to

the reasonable value of Gerdes' continued employment. "[T]here cannot be an express and implied contract for the same thing existing at the same time between the same parties." *Fonda Corp. v. Southern Sprinkler Co.*, 144 Ga. App. 287, 292 (3) (241 SE2d 256). A plaintiff "is estopped to recover on quantum meruit where there exists an express agreement." *Willis v. Kemp*, 130 Ga. App. 758, 760 (204 SE2d 486). Since Gerdes' continued employment was part of the consideration for the 1987 agreement, he cannot also recover the value of his continued employment through a quantum meruit claim.

Gerdes also claims, however, that he is entitled to the reasonable value of services he performed which were allegedly outside the scope of the written agreement, namely assisting with the sale of the station, procuring Fox football for the station and saving the station money for an audit ordered by the prospective purchaser. The reasonable value of "extra work performed in addition to what the contract contemplated" can be recovered in quantum meruit. See *Lord Jeff Knitting Co. v. Lacy*, 195 Ga. App. 287, 288 (393 SE2d 55). We find that Gerdes was not already obligated under the 1987 agreement to perform these alleged activities. Defendants claim that since these activities were within the scope of Gerdes' employment as station manager, he has already been compensated through his salary and cannot recover through quantum meruit. Whether or not a particular employee is acting within the scope of his employment is usually a jury question. *Consolidated Freightways Corp. &c. v. Williams*, 139 Ga. App. 302, 306 (228 SE2d 230). Gerdes' interrogatory responses create a material issue of fact as to whether these activities were within the scope of his employment. We view the evidence in the light most favorable to the non-moving party, and we must reverse the trial court's grant of summary judgment on the plaintiff's quantum meruit claim for the reasonable value of his services in assisting with the sale of the station, procuring Fox football for the station and saving the station money for an audit ordered by the prospective purchaser. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474).

The judgment granting defendants' motion for summary judgment is affirmed, except for the portion granting summary judgment to the defendants on plaintiff's quantum meruit claim. This case is remanded with the direction that the trial court proceed with this suit in a manner not inconsistent with this opinion.

*Judgment affirmed in part, reversed in part and case remanded with direction. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MAY 12, 1998.

*Fricks, Dell & Lee, Robert A. Fricks, Jack V. Dell, Jr.*, for appellant.

*Jones, Cork & Miller, Carr G. Dodson, William T. Prescott*, for appellees.