**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**April 30, 2013**

# In the Court of Appeals of Georgia

A13A0303. POOLE v. IN HOME HEALTH, LLC.

MILLER, Judge.

After In Home Health, LLC ("IHH") rescinded its offer of employment to Sharon Poole, Poole filed suit against IHH, alleging fraud and promissory estoppel. IHH filed a motion for judgment on the pleadings, which the trial court granted. Poole appeals that ruling, contending that the trial court erred in granting a judgment on the pleadings without determining the viability of her equitable claim seeking an exception to Georgia's at-will employment doctrine. Finding no error, we affirm.

On appeal, we review de novo the trial court's decision on a motion for judgment on the pleadings, and we construe the pleadings in a light most favorable to the appellant, drawing all reasonable inferences in her favor. All well-pleaded material allegations of the opposing party's pleading are to be taken as true, and all allegations of the moving party which have been denied are taken as false.

(Citations, punctuation, and footnotes omitted.) *Alexander v. Wachovia Bank, Nat. Assn.*, 305 Ga. App. 641 (700 SE2d 640) (2010).

So viewed, the pleadings show that IHH operated Athens Heartland Hospice (the "Athens hospice"). In July 2009, IHH represented to Poole that it intended to hire her to fill a vacancy for a full-time case manager at the Athens hospice. Unbeknownst to Poole, IHH had already decided to close the Athens hospice. On July 24, 2009, IHH sent a letter to Poole that confirmed her acceptance of the case manager position and provided that her employment would commence on August 6, 2009.[1] The letter advised Poole that IHH's commitment to employ her did not "constitute a contract for a specific length of employment."

On July 24, 2009, Poole provided notice to her employer that she was resigning effective July 31, 2009. At the time, Poole was an employee of Athens Regional Medical Center and had been working there for almost 30 years. On August 5, 2009, IHH requested that Poole postpone her start date at the Athens hospice until August 13, 2009. Before Poole began her employment, however, IHH notified Poole that it

---

[1] On a motion for judgment on the pleadings, a trial court may consider exhibits attached to and incorporated into the pleadings. See *Lewis v. Turner Broadcasting System*, 232 Ga. App. 831, 832 (2) (503 SE2d 81) (1998).

planned to close Athens Heartland Hospice and rescinded its promise of employment. Thereafter, Poole filed suit against IHH.

IHH moved for judgment on the pleadings, arguing that the offer for employment was unenforceable because it contained no definite term of employment and therefore was terminable at the will of either party. Following a hearing, the trial court granted IHH's motion. This appeal ensued.

On appeal, Poole concedes that the trial court correctly determined that the at-will employment doctrine as set forth in OCGA § 34-7-1 precluded her claims for legal relief. Nevertheless, Poole argues that the trial court erred in concluding that her cause of action for fraud must fail without considering whether she had an equitable claim for relief as an exception to the at-will employment doctrine.[2] There is no merit to Poole's claim.

IHH's employment offer to Poole did not specify a length of employment. Consequently, the employment contract was terminable at the will of either party. See *Wheeling v. Ring Radio Co.*, 213 Ga. App. 210, 211 (444 SE2d 144) (1994); see also

_____

[2] Poole does not challenge on appeal the trial court's ruling on her promissory estoppel claim. Therefore, any allegation of error with respect to that claim has been abandoned. See Court of Appeals Rule 25 (a) (3) and (c) (2); *Steed v. Fed. Nat. Mtg. Corp.*, 301 Ga. App. 801, 804, n.2 (689 SE2d 843) (2009).

*Atlanta Dairies Co-op v. Grindle*, 182 Ga. App. 409, 410 (1) (356 SE2d 42) (1987)

(contract for indefinite hiring was terminable at-will by either party).

> Pursuant to OCGA § 34-7-1, an at-will employee generally may be terminated for any reason, and the employee may not recover from the employer in tort for wrongful discharge. Although there can be public policy exceptions to the doctrine, judicially created exceptions are not favored, and Georgia courts thus generally defer to the legislature to create them.

(Citation omitted.) *Reilly v. Alcan Aluminum Corp.*, 272 Ga. 279, 279-280 (1) (528 SE2d 238) (2000).

Poole relies upon language in the General Assembly's declaration of public policy in enacting employment security law as evidence that the legislature created an exception to the at-will employment doctrine. See OCGA § 34-8-2. Contrary to Poole's assertion, however, the General Assembly's stated purpose in enacting OCGA § 34-8-2 was to provide for the compulsory setting aside of unemployment reserves for the purposes of unemployment compensation. Id. Nothing in that statute shows that the General Assembly created OCGA § 34-8-2 as a specific exception to the at-will employment statute, OCGA § 34-7-1. Moreover, while Poole argues that other jurisdictions have created exceptions to their at-will employment doctrines, this is

4

of no consequence because in Georgia this rule is statutory. Georgia courts have refused to acknowledge any exceptions not encompassed by OCGA § 34-7-1, and in the absence of any express statutory provision for such a civil remedy, we decline to create judicially such a remedy. Courts may interpret laws, but may not change them. These inadequacies in our existing law, however, if they be such, cannot be supplied by the courts, and may only be corrected by the General Assembly.

(Citations and punctuation omitted.) *Balmer v. Elan Corp.*, 278 Ga. 227, 230 (2) (599 SE2d 158) (2004). Since the General Assembly has not enacted an exception under OCGA § 34-7-1, Poole has no claim for equitable relief, and the trial court did not err in granting a judgment on the pleadings to IHH.

*Judgment affirmed. Barnes, P. J., and Ray, J., concur.*